UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LAWRENCE R. WRIGHT | CIVIL ACTION NO. 14-1247-P |
| VERSUS | JUDGE FOOTE |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil action filed by pro se petitioner Lawrence Wright ("Petitioner"), pursuant to 28 U.S.C. § 1361.  This complaint was received and filed in this court on June 16, 2014.  Petitioner names the State of Louisiana as defendant.

Petitioner seeks a writ of mandamus to order the Caddo Parish District Court and the Caddo Parish Sheriff Office to release him and disclose the discovery.  Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, it is well settled that federal courts have no general power to compel action by state officials.  See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970).  Because Defendants are not federal

officers, employees or agencies, this court lacks jurisdiction to issue a writ of <u>mandamus</u> to compel them to perform an alleged duty. <u>See</u> 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Petitioner is advised that if he seeks to challenge in this court his state court detention, conviction, and/or sentence, he should file a writ of <u>habeas</u> <u>corpus</u> as a separate action on the proper forms. Petitioner is further advised that if seeks to file a complaint that his civil rights were violated, he should file a separate action on the proper forms.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

to which the aforementioned party did not object.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 28th day of October 2015.

                                                Mark L. Hornsby
                                                U.S. Magistrate Judge